Exhibit 1

**Tom Murphy**

| | |
|---|---|
| **From:** | Tom Murphy |
| **Sent:** | Tuesday, February 28, 2017 2:06 PM |
| **To:** | 'bruce@stecklerlaw.com'; 'randy@jtlaw.com'; 'roger.sanders@somlaw.net'; 'bwayne@settlepou.com'; 'Howard J. Klatsky'; 'cschwegmann@lynnllp.com'; 'acorrea@lynnllp.com'; 'ccarroll@lynnllp.com' |
| **Subject:** | RE: Subpoena |
| **Attachments:** | SKMBT_C55217022814020.pdf |

Attached please find Mervis Diamond Corporation's objections to the subpoena recently served upon it.  I drafted it with an as yet undetermined United States District Court for the District of Columbia  miscellaneous number as that is where any litigation regarding the subpoena will be dealt with.  However, since objections are not to be filed with the Court, I did not see the need to actually get a miscellaneous case number assigned at this juncture.

Please let me know if you have any questions or concerns.

**THOMAS F. MURPHY, ESQ.**
FRIEDLANDER MISLER, PLLC
5335 WISCONSIN AVENUE, NW
SUITE 600
WASHINGTON, DC  20015

Main:  202-872-0800 (after 5:30 p.m., dial ext. 325)
Fax:    202-857-8343
*tmurphy@dclawfirm.com*

1

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

THE DIAMOND CONSORTIUM, LLC
D/B/A THE DIAMOND DOCTOR and DAVID
BLANK

        Plaintiffs/Counter-Defendants,      Case No._____MC_____

   v.

BRIAN MANOOKIAN, *et al.*,

        Defendants/Counter-Plaintiffs

## OBJECTIONS TO SUBPOENA

COME NOW Mervis Diamond Corporation ("Mervis Diamond"), by and through undersigned counsel, and objects to the subpoena served by Defendant Brian Manookian ("Manookian") as follows.

## OBJECTIONS TO SUBPOENA AND INSTRUCTIONS

1.    Mervis Diamond objects to the subpoena's demand that documents be produced on March 1, 2017. As the subpoena was served on Mervis Diamond's registered agent on February 23, 2017, and subsequently received by Mervis Diamond on February 27, 2017, the subpoena provides an unreasonably short period of time for compliance. Indeed, the demanded production date is just eight days from the date the subpoena was drafted by Manookian.

2.    Mervis Diamond objects to Instruction 1 accompanying the subpoena because it asserts that a "written response to this Request for Production" is required and "shall be served." Pursuant to Federal Rule of Civil

RIEDLANDER MISLER

5335 WISCONSIN AVE., NW
SUITE 600
WASHINGTON, DC 20015-2045

TEL 202.872.0800

Procedure 45, the only written response to a subpoena that is required of a witness is if the witness chooses to assert a privilege to any request.

3.    Mervis Diamond  objects to Instruction 3 accompanying the subpoena because it misstates the Federal Rules regarding a witness' obligations when responding to subpoena.  Pursuant to Federal Rule of Civil Procedure 45, the only written response to a subpoena that is required of a witness is if the witness chooses to assert a *privilege* to any request. Instruction 3 accompanying the subpoena improperly attempts to impose upon the witness a duty to provide a written explanation if a document is withheld for literally any "reason."

4.    Mervis Diamond objects to Instruction 4 accompanying the subpoena because it wrongly seeks to impose upon the witness a duty to provide a written explanation regarding any document that is "no longer in existence or no longer in [the witness'] possession, custody or control."  No such obligation exists under the Federal Rules.  Pursuant to Federal Rule of Civil Procedure 45, the only written response to a subpoena that is required of a witness is if the witness chooses to assert a privilege to any request.

5.    Mervis Diamond objects to Instruction 6 accompanying the subpoena because it wrongly seeks to impose a Rule 26 (e) continuing obligation to provide supplemental discovery upon a non-party.  No such obligation exists under the Federal Rules.  Moreover, Instruction 6's attempt to impose an obligation to produce documents that come to "the attention,

2

possession, custody or control" of a subpoenaed witness' "agents, principals, employees, affiliates, subsidiaries, accountants, partners, officers, family members, directors, or attorneys" is absurdly overbroad, abusive and not remotely permissible pursuant to the Federal Rules.  Such an obligation would require a witness to search for documents not only within the *witness'* possession, custody or control (which is all the Federal Rules require) but would also require the witness to conduct a separate search for documents in the possession, custody or control of countless others including, but not limited to, the witness' siblings, aunts, uncles and third cousins.

6.     Mervis Diamond objects to the subpoena, in general, to the extent it places an undue burden upon Mervis Diamond and, to the extent compliance with the subpoena requires Mervis Diamond to incur an unreasonable cost, Mervis Diamond requests that the cost of compliance be shifted to Manookian.

## OBJECTIONS TO SPECIFIC REQUESTS

### Request 1

Mervis Diamond objects to Request 1 as vague and overly broad; Manookian makes no effort to limit the request to communications that could even conceivably be related to the subject matter of the litigation.

Mervis Diamond further objects to Request 1 as seeking documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence.

### Request 2

Mervis Diamond objects to Request 2 as vague and overly broad;

Manookian makes no effort to limit the request to communications that could even conceivably be related to the subject matter of the litigation.

Mervis Diamond further objects to Request 2 as seeking documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence.

### Request 3

Mervis Diamond objects to Request 3 as vague and overly broad; Manookian makes no effort to limit the request to communications that could even conceivably be related to the subject matter of the litigation.

Mervis Diamond objects to request 3 as vague and unduly burdensome as it would require Mervis to ascertain whether or not an individual was "acting on behalf of David Blank."

Mervis Diamond objects to Request 3 as seeking documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence.

### Request 4

Mervis Diamond objects to Request 4 as vague and overly broad; Manookian makes no effort to limit the request to communications that could even conceivably be related to the subject matter of the litigation.

Mervis Diamond objects to request 4 as vague and unduly burdensome as it would require Mervis to ascertain whether or not an individual was "acting on behalf of Diamond Doctor."

Mervis Diamond objects to Request 4 as seeking documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence.

RIEDLANDER MISLER
5335 WISCONSIN AVE., NW
SUITE 600
WASHINGTON, DC 20015-2045

TEL: 202.872.0800

### Request 5

Mervis Diamond objects to Request 5 as vague and overly broad; Manookian makes no effort to limit the request to communications that could even conceivably be related to the subject matter of the litigation.

Mervis Diamond objects to request 5 as vague and unduly burdensome as it would require Mervis to ascertain whether or not an individual was "acting on behalf of David Blank and/or Diamond Doctor."

Mervis Diamond objects to Request 5 as seeking documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence.

### Request 6

Mervis Diamond objects to Request 6 because it is overly broad, unduly burdensome and would require the production of numerous documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence.

Moreover, since 2015 Mervis Diamond has been engaged in legal disputes that were initiated by Manookian and which, among other things, resulted in two actions filed by Mark Hammervold. Those actions, which only recently concluded, concern allegedly overgraded EGL-I diamonds. Consequently, nearly every search term listed in Request 6 could potentially involve documents protected by the attorney-client privilege and the attorney work product privilege. This will, of course, result in Mervis Diamond having to utilize counsel to conduct a costly review of the documents as well as prepare a privilege log. Accordingly, Mervis Diamond requests that it be reasonably

compensated for the expense it incurs conducting any such search.

**Request 7**

Mervis Diamond objects to Request 7 as it seeks documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence. Mervis Diamond's sale of diamonds graded by EGL-I has no bearing on any issue of material fact in the litigation between Manookian and The Diamond Consortium, LLC (the "Diamond Doctor Case"). Rather, Request 7 has been made for an improper purpose; specifically to harass Mervis Diamond and to improperly utilize discovery in the Diamond Doctor Case to permit Manookian to search for new clients he may retain to sue Mervis Diamond in the future.

Respectfully submitted,

**FRIEDLANDER MISLER, PLLC**

By: _____
Thomas F. Murphy, Esq.
5335 Wisconsin Avenue, N.W.
Suite 600
Washington, DC  20015
(202) 872-0800
*Counsel for Jonathan Mervis*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2017, a copy of the foregoing, was sent via electronic mail to:

Andres Correa, Esq.
Christopher Schwegmann, Esq.
Christina M. Carroll, Esq.
Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

Bruce W. Steckler, Esq.
Stuart Cochran, Esq.
Stefani S. Eisenstat, Esq.
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230

Randy Johnston, Esq.
Johnston Tobey Baruch, PC
3308 Oak Grove Avenue
Dallas, Texas 75204

Roger Sanders, Esq.
Sanders, O'Hanlon, Motely,
Young & Gallardo, PLLC
111 S. Travis Street
Sherman, Texas 75090

Braden M Wayne, Esq.
SettlePou
3333Lee Parkway, 8th Floor
Dallas, Texas 75219

Howard J. Klatsky, Esq.
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240-5019

Thomas F. Murphy