# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BRIAN MANOOKIAN, BRIAN CUMMINGS, CUMMINGS MANOOKIAN PLC,<br><br>v.<br><br>RONALD MERVIS, MERVIS DIAMOND CORPORATION, | Civil Action No. 4:17-mc-00056<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movants Brian Manookian, Brian Cummings, and Cummings Manookian, PLC's (collectively, "Movants") Motion to Compel Third Party Production of Documents from Ronald Mervis and Mervis Diamond Corporation ("MDC") and Motion to Transfer. (Dkt. #1). The motion was initially filed in The United States District Court for the District of Columbia. The court granted the Motion to Transfer. Accordingly, only the Motion to Compel ("Motion") is before the Court. Having considered the relevant pleadings, the Court finds that the Motion should be denied and MDC's objections are sustained.

### BACKGROUND

On January 30, 2017, Movants served a subpoena on the registered agent of MDC requesting:

**REQUEST FOR PRODUCTION 1:** Produce any and all communications, in any medium, between you and David Blank from January 1, 2015 to present.

**REQUEST FOR PRODUCTION 2:** Produce any and all communications, in any medium, between you and Diamond Doctor from January 1, 2015 to present.

**REQUEST FOR PRODUCTION 3:** Produce any and all communications, in any medium, between you and anyone acting on behalf of David Blank from January 1, 2015 to present.

**REQUEST FOR PRODUCTION 4:** Produce any and all communications, in any medium, between you and anyone acting on behalf of Diamond Doctor from January 1, 2015 to present.

**REQUEST FOR PRODUCTION 5:** Produce any and all communications, in any medium, between anyone acting on your behalf and any person acting on behalf of David Blank and/or Diamond Doctor from January 1, 2015 to present.

**REQUEST FOR PRODUCTION 6:** Produce any and all emails you have sent or received since January 1, 2015 that include any of the following terms:
   a. David Blank
   b. david@diamondconsortium.com
   c. david@diamonddoctor.com
   d. @diamondconsortium.com
   e. @diamonddoctor.com
   f. Cummings Manookian
   g. Manookian
   h. Brian Manookian
   i. Brian Cummings
   j. Hammervold
   k. Boaz
   l. Boaz Ramon

**REQUEST FOR PRODUCTION 7:** Produce any and all correspondence you have received from any customer regarding the sale of a diamond accompanied by an EGL-International Grading Report.

(Dkt. #1 Ex. B). On February 28, 2017, MDC objected to the subpoena. On May 11, 2017, Movants filed the motion to compel and transfer with the United States District Court for the District of Columbia (Dkt. #1). On May 25, 2017, MDC and Ronald Mervis ("Non-Movants") filed a response (Dkt. #2). On June 1, 2017, Movants filed a reply (Dkt. #4). The United States District Court for the District of Columbia ordered that the Motion be transferred on July 13, 2017. The case was transferred on July 27, 2017.

## LEGAL STANDARD

Matters relating to the enforcement of a subpoena are to be directed to the court "for the district where compliance is required." FED. R. CIV. P. 45(d). Those matters include "the duty to address objections to a subpoena when the serving party moves the court for an order compelling

production or inspection of documents." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) (citing FED. R. CIV. P. 45(d)(2)(B)(i)). Additionally, when addressing objections and ordering compliance, courts "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B)(ii). Indeed, courts may quash a subpoena if it subjects a person to undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing FED. R. CIV. P. 45(d)(3)(iv)).

When determining whether the subpoena presents an undue burned, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Further, courts "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* (citing *Williams*, 178 F.R.D. at 109). "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests 'seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date'; '[t]he requests are not particularized'; and '[t]he period covered by the requests is unlimited.'" *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (citing *Wiwa*, 392 F.3d at 818; *In re O'Hare*, Misc. A. No. H-11-0539, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012); *Turnbow v. Life Partners, Inc.*, No. 3:11-cv-1030-M, 2013 WL 1632794, at *1 (N.D. Tex. Apr. 16, 2013)).

## ANALYSIS

After being served with the subpoena, MDC objected to the requests for production. After receiving the objections, Movants filed the present Motion to Compel. Accordingly, the Court has the power to address the objections to the subpoena.

### *Requests for Production 1–5*

MDC objected to Requests 1–5 asserting that they were "vague and overly broad," that Movants made "no effort to limit the request[s] to communications that could even conceivably be related to the subject matter of the litigation," and that they seek "documents that are irrelevant and unlikely to lead to discovery of any admissible evidence." (Dkt. #2 Ex.1). MDC further objected to Requests 3–5 as "vague and unduly burdensome as it would require [MDC] to ascertain whether or not an individual was 'acting on behalf of [David Blank and/or Diamond Doctor].'"

Movants contend that these documents are relevant because David Blank and the Diamond Doctor ("Plaintiffs") alleged that they communicated with Non-Movants and Boaz Ramon about Movants' negative publicity. (Dkt. #1 at 8). Non-Movants respond that MDC "voluntarily produced all of the communications that [MDC] had with Diamond Doctor, that [MDC] could locate, that are arguably relevant to: (1) [MDC's] experiences dealing with Manookian; and (2) any controversy over allegedly 'over graded' diamonds."

Movants seek any and all communications between MDC and "the parties to [the underlying] action regardless of whether those documents related to that action." *Am. Fed'n of Musicians*, 313 F.R.D. at 45. (quoting *In re O'Hare*, 2012 WL 1377891, at *2; *accord Turnbow*, 2013 WL 1632795, at *1). Additionally, "[t]he requests are not particularized." *Id.* (quoting *In re O'Hare*, 2012 WL 1377891, at *2; *accord Turnbow*, 2013 WL 1632795, at *1). The subpoena is facially overbroad. *See id.* Thus, MDC's objection to Requests 1–5 are **SUSTAINED**.

*Request for Production 6*

MDC objected to Request 6 contending it was "overly broad, unduly burdensome, and it would require the production of numerous documents that are irrelevant and unlikely to lead to the discovery of any admissible evidence." (Dkt. #2 Ex. 1). Further, MDC explains that it was involved in two lawsuits with Cummings Manookian, PLC and Mark Hammervold. Accordingly, MDC also asserts that using these search terms would involve documents protected by work-product privilege and attorney-client privilege. MDC argues that this adds significant expense because MDC will have to pay an attorney to review the documents and create a privilege log. Movants respond that MDC's communications with Plaintiffs are relevant and would not be under attorney-client privilege because any communication shared with Plaintiffs are waived.

While it is possible that there may be some relevant documents produced from these search terms, Movants made no effort to limit the subpoena's request to relate to the underlying action. *See Am. Fed'n of Musicians*, 313 F.R.D. at 45 (quoting *In re O'Hare*, 2012 WL 1377891, at *2; *accord Turnbow*, 2013 WL 1632795, at *1). Instead, Movants served a request that was overbroad as it sought all emails that contained the parties' names and email addresses in the underlying action and two non-parties, who are alleged to be part of Defendants' purported scheme. *Id.* (quoting *In re O'Hare*, 2012 WL 1377891, at *2; *accord Turnbow*, 2013 WL 1632795, at *1). Additionally, this request may require "the disclosure of privileged or other protected matter, [to which] no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A)(iii). Accordingly, MDC's objections to Request 6 are **SUSTAINED**.

*Request for Production 7*

MDC objected to Request 7 arguing it is "irrelevant and unlikely to lead to the discovery of any admissible evidence." (Dkt. #2 Ex. 1). MDC explained that its "sale of diamonds graded

by EGL-I has no bearing on any issue of material fact in the litigation between [Movants and Plaintiffs] (the 'Diamond Doctor Case'). Rather, Request 7 has been made for an improper purpose; specifically to harass [MDC] and improperly utilize discovery in the Diamond Doctor Case to permit [Movants] to search for new clients he may retain to sue [MDC] in the future." (*Id.*) Movants respond that that there is a protective order in place to prevent the use of any documents in any future lawsuits.

"The period covered by the requests is unlimited." *See Am. Fed'n of Musicians*, 313 F.R.D. at 45 (quoting *In re O'Hare*, 2012 WL 1377891, at *2; *accord Turnbow*, 2013 WL 1632795, at *1). Additionally, Movants made no attempt to particularize or narrow the request. *See id.* (quoting *In re O'Hare*, 2012 WL 1377891, at *2; *accord Turnbow*, 2013 WL 1632795, at *1). Request 7 is facially overbroad. *See id.* The over breadth of the request is compounded by the fact that Movants offer no explanation as to why the documents requested are relevant to the underlying action. MDC's objections to Request 7 are **SUSTAINED**.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Compel Third Party Production of Documents from Ronald Mervis and Mervis Diamond Corporation (Dkt. #1) is hereby **DENIED** and the objections are **SUSTAINED**. With the resolution of this motion, the Clerk of the Court is directed to close the above-styled case.

**SIGNED this 11th day of August, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

6